UNITED STATES DISTRICT COURT
FOR THE FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BETSY FEIST, individually, and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>RCN CORPORATION and PAXFIRE, INC. )<br><br>Defendants. ) | CASE NO. 1:11-CV-05436 (JGK) |

**DEFENDANT PAXFIRE, INC.'S MOTION TO STRIKE
PARAGRAPHS 25, 26, AND 27 OF THE COMPLAINT**

Defendant Paxfire, Inc. ("Paxfire"), through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(f), moves this Honorable Court to strike Paragraphs 25, 26, and 27 of the Plaintiff's Complaint on the grounds that the paragraphs are immaterial.

In support of this motion, Defendant Paxfire submits the following:

**MEMORANDUM**

Under Rule 12(f), the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."

To prevail on a motion to strike immaterial matter from a complaint, the defendant must demonstrate (1) there is no admissible evidence in support of the allegations, (2) the allegations have no bearing on the issues, and (3) to let the allegations stand would be prejudicial to the defendant. *SEC v. Treadway*, 2011 U.S. Dist. LEXIS 73950, *3 (S.D.N.Y. June 29, 2011) (citing *Metrokane, Inc. v. The Wine Enthusiast*, 160 F. Supp. 2d 633, 642 (S.D.N.Y. 2001)). Decisions regarding whether or not to grant a motion to strike are "within the district court's

sound discretion." *Freydl v. Meringolo*, 2011 U.S. Dist. LEXIS 67744, *3 (S.D.N.Y. June 16, 2011) (quoting *Lamoureux v. Anazaohealth Corp.*, 250 F.R.D. 100, 102 (D. Conn. 2008)).

1. **There Is No Admissible Evidence in Support of Paragraphs 25, 26, and 27**

Under Fed. R. Evid. 401, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probably than it would be without the evidence." Only relevant evidence is admissible, regardless of whether or not it may be material to an issue. Fed. R. Evid. 402.

The three paragraphs of the Class Action Complaint at issue are paragraphs 25, 26, and 27. All three may be relevant; however, all three cite *third party, hearsay articles*. It is these references, to these articles, that Paxfire seeks to have striken.

As hearsay, and falling under no exceptions to the hearsay rule, all three are inadmissible for purposes of trial. Fed. R. Evid. 802.

The first prong of the *Treadway* test is satisfied.

2. **Paragraphs 25, 26, and 27 Are Immaterial**

Evidence is "material" when it is relevant and goes to the substantial matters in dispute, or has a legitimate and effective influence or bearing on the decision of the case. *See Porter v. Valentine*, 18 Misc. 213, 215, 41 N.Y.S. 507 (N.Y. App. 1896) (*citing* Black's Law Dictionary). "'Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.'" *Freydl*, 2011 U.S. Dist. LEXIS 67744, at *3 (quoting *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998)).

In summary, evidence that does not have a substantial bearing on the outcome of an issue is not material, regardless of whether it is relevant. The articles referenced in Paragraphs 25, 26,

and 27 fall into this category. They do not address any of the acts alleged against the either of the Defendants, Paxfire nor RCN Corporation. Instead:

 (a) Paragraph 25 speaks generally of "[w]ebsites and stores" buying and selling information, and cites third party discussions of the acts of others;

 (b) Paragraph 26 cites the acts of a nonparty, Audience Science; and

 (c) Paragraph 27 cites third party discussions of the acts of a nonparty, Allow Ltd., having no relationship, contacts, or communications with any party in this case.

The practices of non-party entities have no essential or important relationship to the Plaintiff's claim for relief, and the contents of Paragraphs 25, 26, and 27 are immaterial.

The second prong of *Treadway* is satisfied.

### 3. The Contents of Paragraphs 25, 26, and 27 Are Prejudicial to Paxfire

By including Paragraphs 25, 26, and 27, the Plaintiff appears to be attempting to indirectly link the Defendants with the practices of others whom the Plaintiff suggests are in the business of buying and selling Internet user information. Although probative of no acts alleged against the Defendants, if left to stand, this content has the effect of *guilt by association*. As such, these paragraphs are prejudicial to Paxfire and should be excluded. Fed. R. Evid. 403.

The third prong of *Treadway* is satisfied.

For all of the reasons stated above, the Court should strike Paragraphs 25, 26, and 27 of the Class Action Complaint.

        Respectfully submitted,


        <u>/s/ Andrew Grosso</u>
        Andrew Grosso

        ANDREW GROSSO & ASSOCIATES
        1101 Thirtieth Street, NW, Suite 300
        Washington, D.C.  20007
        (202) 298-6500 Tel.
        (202) 298-5599 Fax
        *Attorney for Defendant Paxfire, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August, 2011, a true and correct copy of the foregoing was served electronically on the following:

Peter Curtis Neger, Esq.  
Matthew Derek Care, Esq.  
Bingham McCutchen LLP  
399 Park Avenue  
New York, New York 10022  
*Counsel for Defendant RCN Corporation*

Melissa Ryan Clark, Esq.  
Sanford P. Dumain, Esq.  
Peter Edward Seidman, Esq.  
Charles Slidders, Esq.  
Milberg LLP  
One Pennsylvania Plaza  
49th floor  
New York, New York 10119  
*Counsel for Plaintiff Betsy Feist*

　/s/ Andrew Grosso