UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BETSY FEIST, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>    -against-<br><br>RCN CORPORATION and PAXFIRE, INC.,<br><br>      Defendants. | Civil Action No. 11-CV-5436 (JGK) |

**DEFENDANT RCN TELECOM SERVICES, LLC'S
AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

    Defendant RCN Telecom Services, LLC ("RCN"), improperly sued herein as RCN Corporation, by its attorneys, Bingham McCutchen LLP, hereby amends its answer to the complaint ("Complaint") filed by Betsy Feist ("Plaintiff") purportedly on behalf of herself and all others similarly situated.  RCN states as follows:

### I.  ANSWER

    1.  RCN denies each and every allegation in Paragraph 1 of the Complaint, except that RCN lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph to the extent they concern Paxfire.

    2.  RCN admits the allegations in Paragraph 2 of the Complaint.  RCN further admits the allegations in Footnote 2 to the Complaint.

    3.  RCN denies each and every allegation in Paragraph 3 of the Complaint, except that RCN (1) lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph to the extent they concern conduct by Internet service providers ("ISPs") other than RCN; and (2) admits that when an Internet user enters a web address into the address bar on his or her browser, the browser requests the location of the web address from his or her ISP's

domain name system ("DNS") resolver.  RCN further denies each and every allegation in Footnote 3 to the Complaint, except that RCN lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this footnote concerning conduct by Plaintiff or ISPs other than RCN.

4. In response to Paragraph 4 of the Complaint, RCN denies each and every allegation that it has engaged in any misconduct, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph. RCN admits the allegations in Footnote 4 to the Complaint.

5. RCN lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

6. RCN denies each and every allegation in Paragraph 6 of the Complaint, except that RCN (1) lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph concerning conduct by Plaintiff or Paxfire; and (2) admits that Plaintiff is an RCN customer.

7. RCN lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8. RCN lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, except that RCN admits that Paxfire has provided revenue to RCN in connection with Paxfire's deployment of Paxfire software and/or hardware ("Paxfire Technology") with respect to RCN's Internet network.

9. RCN denies each and every allegation in Paragraph 9 of the Complaint, except that RCN lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph concerning Paxfire or ISPs other than RCN.

10. In response to the allegation in Paragraph 10 of the Complaint that "Defendant RCN Corporation ... is incorporated in Delaware," RCN clarifies that RCN Corporation was acquired in August 2010, and as a result of a corporate reorganization, is now known as "RCN Telecom Services, LLC," a Delaware limited liability company. RCN objects to the allegation in this paragraph that RCN "employs Paxfire in connection with its DNS system" as vague and ambiguous, and therefore denies the same. RCN admits the remainder of the allegations in this paragraph as to RCN.

11. RCN denies each and every allegation in Paragraph 11 of the Complaint, except that RCN admits that Plaintiff asserts claims based on federal law and that the Court has subject matter jurisdiction over those claims.

12. RCN denies each and every allegation in Paragraph 12 of the Complaint, except that RCN (1) lacks knowledge or information sufficient to form a belief as to whether Plaintiff is a citizen and resident of this district or whether Paxfire conducts business and has significant contacts with this district; and (2) admits that RCN conducts business in this district.

13. RCN denies each and every allegation in Paragraph 13 of the Complaint, except that RCN lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph concerning Paxfire or ISPs other than RCN.

14. RCN denies each and every allegation in Paragraph 14 of the Complaint, except that RCN (1) objects to the allegations in this paragraph as vague and ambiguous, and therefore denies same; and (2) lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph to the extent they concern conduct by Paxfire or ISPs other than RCN.

15.     RCN denies each and every allegation in Paragraph 15 of the Complaint, except that RCN (1) objects to the allegations in this paragraph as vague and ambiguous, and therefore denies same; (2) lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph to the extent they concern conduct by Paxfire or ISPs other than RCN; and (3) admits that address and search bar traffic from RCN Internet customers ("RCN End Users") has been directed through proxy servers owned and/or controlled by Paxfire.

16.     RCN denies each and every allegation in Paragraph 16 of the Complaint, except that RCN (1) objects to the allegations in this paragraph as vague and ambiguous, and therefore denies same; (2) lacks knowledge and information sufficient to form a belief regarding the allegations in this paragraph to the extent they concern conduct by Plaintiff or members of the putative classes; and (3) clarifies that certain searches entered by RCN End Users in the address or search bar on their web browsers may have been directed to proxy servers owned and/or controlled by Paxfire, that such searches are then forwarded to the relevant search engine, and that search results provided by the search engine are then provided to the RCN End User.

17.     RCN denies each and every allegation in Paragraph 17 of the Complaint, except that RCN (1) objects to the allegations in this paragraph as vague and ambiguous, and therefore denies same; (2) lacks knowledge and information sufficient to form a belief regarding the allegations in this paragraph to the extent they concern conduct by Plaintiff or members of the putative classes; and (3) clarifies that certain searches entered by RCN End Users in the search bar on their web browsers may have been directed to proxy servers owned and/or controlled by Paxfire, that such searches are then forwarded to the relevant search engine, and that search results provided by the search engine are then provided to the RCN End User.  RCN further

denies each and every allegation in Footnote 5 to the Complaint, except that RCN admits that Plaintiff has accurately summarized a process known as "recursing."

18. RCN denies each and every allegation in Paragraph 18 of the Complaint, except that RCN lacks knowledge and information sufficient to form a belief regarding the allegations in this paragraph to the extent they concern conduct by Paxfire or ISPs other than RCN.

19. RCN denies each and every allegation in Paragraph 19 of the Complaint, except that RCN admits that a search bar sits to the right of the address bar on many Internet browsers, and that such search bars are typically configurable.

20. RCN denies each and every allegation in Paragraph 20 of the Complaint, except that RCN lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph to the extent they concern conduct by Paxfire or ICSI.

21. RCN denies each and every allegation in Paragraph 21 of the Complaint, except that RCN lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph to the extent they concern conduct by Paxfire.

22. RCN denies each and every allegation in Paragraph 22 of the Complaint, except that RCN (1) objects to the allegations in this paragraph as vague and ambiguous, and therefore denies same; and (2) lacks knowledge and information sufficient to form a belief regarding the allegations in this paragraph to the extent they concern conduct by Paxfire or ISPs other than RCN. RCN further denies each and every allegation in Footnote 6 to the Complaint, except that RCN lacks knowledge and information sufficient to form a belief regarding the allegations in this footnote to the extent they concern conduct by Paxfire or ISPs other than RCN.

23. RCN denies each and every allegation in Paragraph 23 of the Complaint, except that RCN lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph to the extent they concern conduct by Plaintiff.

24. RCN denies each and every allegation in Paragraph 24 of the Complaint, except that RCN (1) objects to the allegations in this paragraph as vague and ambiguous, and therefore denies same; and (2) lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph to the extent they concern conduct by Paxfire.

25. RCN denies the allegations in Paragraph 25 of the Complaint that it intercepts RCN End User searches, and denies that the remainder of the allegations in this paragraph are relevant to the issues of law and fact in this case, but to the extent that any response is necessary to these allegations, RCN denies each of these allegations.

26. RCN denies that the allegations in Paragraph 26 of the Complaint are relevant to the issues of law and fact in this case, but to the extent that any response is necessary to these allegations, RCN denies each of these allegations.

27. RCN denies that the allegations in Paragraph 27 of the Complaint are relevant to the issues of law and fact in this case, but to the extent that any response is necessary to these allegations, RCN denies each of these allegations. RCN lacks knowledge or information sufficient to form a belief regarding the allegations in Footnote 7 to the Complaint.

28. RCN denies each and every allegation in Paragraph 28 of the Complaint, except that RCN admits that its Customer Terms and Conditions includes a section titled "Customer Privacy Notice;" RCN further asserts that for all times relevant to this case, RCN's Customer Privacy Notice has provided that "Non-Personally Identifiable Information and Aggregated Data

collected via RCN's network … is used by RCN and third parties … for third party marketing and advertising purposes."

29.     RCN denies each and every allegation in Paragraph 29 of the Complaint, except that RCN admits that its Internet Access Agreement includes a section titled "RCN's Online Policies."

30.     RCN denies each and every allegation in Paragraph 30 of the Complaint.

31.     RCN denies each and every allegation in Paragraph 31 of the Complaint.

32.     RCN denies each and every allegation in Paragraph 32 of the Complaint.

33.     RCN lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint.

34.     RCN lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint.

35.     RCN denies each and every allegation in Paragraph 35 of the Complaint, except that RCN lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph to the extent they concern conduct by Paxfire or ISPs other than RCN.

36.     RCN denies each and every allegation in Paragraph 36 of the Complaint.

37.     RCN denies each and every allegation in Paragraph 37 of the Complaint.

38.     RCN denies that Plaintiff or any member of the purported class has suffered any injury resulting or relating to any conduct by RCN, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint.

39.     RCN denies each and every allegation in Paragraph 39 of the Complaint.

7

40.     RCN repeats and realleges its responses to Paragraphs 1 through 39 the Complaint as if fully set forth at length herein.

41.     RCN denies each and every allegation in Paragraph 41 of the Complaint, except that RCN lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph to the extent they concern conduct by Paxfire.

42.     RCN denies each and every allegation in Paragraph 42 of the Complaint, except that RCN lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph to the extent they concern conduct by Paxfire.

43.     RCN denies each and every allegation in Paragraph 43 of the Complaint, except that RCN lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph to the extent they concern conduct by Paxfire.

44.     RCN denies each and every allegation in Paragraph 44 of the Complaint.

45.     RCN lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint.

46.     RCN denies each and every allegation in Paragraph 46 of the Complaint.

47.     RCN denies each and every allegation in Paragraph 47 of the Complaint, except that RCN lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph to the extent they concern conduct by Plaintiff or Paxfire.

48.     RCN denies each and every allegation in Paragraph 48 of the Complaint.

49.     RCN repeats and realleges its responses to Paragraphs 1 through 48 of the Complaint as if fully set forth at length herein.

50.     RCN admits that Plaintiff purports to bring a cause of action pursuant to Virginia's Consumer Protection Act, Virginia Code § 59.1 *et seq*.

51. RCN denies each and every allegation in Paragraph 51 of the Complaint.

52. RCN denies each and every allegation in Paragraph 52 of the Complaint.

53. RCN denies each and every allegation in Paragraph 53 of the Complaint.

54. RCN denies each and every allegation in Paragraph 54 of the Complaint.

55. RCN denies each and every allegation in Paragraph 55 of the Complaint.

56. RCN denies each and every allegation in Paragraph 56 of the Complaint.

57. RCN lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint, except that RCN admits that Plaintiff purports to seek statutory damages in an amount of $500 per person on behalf of herself and similarly situated class members.

58. RCN admits that Plaintiff requests that this Court award her costs and attorneys' fees pursuant to Virginia Code § 59.1-204(B).

59. RCN denies each and every allegation in Paragraph 59 of the Complaint, except that RCN admits that Plaintiff requests an injunction against RCN.

60. RCN repeats and realleges its responses to Paragraphs 1 through 59 the Complaint as if fully set forth at length herein.

61. The allegations in Paragraph 61 of the Complaint comprise legal conclusions and require no response from RCN; to the extent that a response is required from RCN for any allegation in this paragraph, RCN denies all such allegations.

62. The allegations in Paragraph 62 of the Complaint comprise legal conclusions and require no response from RCN; to the extent that a response is required from RCN for any allegation in this paragraph, RCN denies all such allegations.

63. RCN denies each and every allegation in Paragraph 63 of the Complaint, except that RCN lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph to the extent they concern conduct by Paxfire.

64. RCN denies each and every allegation in Paragraph 64 of the Complaint, except that RCN lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph to the extent they concern conduct by Paxfire.

65. RCN denies each and every allegation in Paragraph 65 of the Complaint, except that RCN lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph to the extent they concern conduct by Plaintiff or Paxfire.

66. RCN repeats and realleges its responses to Paragraphs 1 through 65 of the Complaint as if fully set forth at length herein.

67. RCN denies each and every allegation in Paragraph 67 of the Complaint.

68. RCN denies each and every allegation in Paragraph 68 of the Complaint, except that RCN lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph to the extent they concern conduct by Paxfire.

69. RCN denies each and every allegation in Paragraph 69 of the Complaint.

70. RCN repeats and realleges its responses to Paragraphs 1 through 69 of the Complaint as if fully set forth at length herein.

71. RCN denies each and every allegation in Paragraph 71 of the Complaint, except that RCN lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph to the extent they concern conduct by Paxfire.

72. RCN denies each and every allegation in Paragraph 72 of the Complaint, except that RCN lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph to the extent they concern conduct by Paxfire.

73. RCN denies each and every allegation in Paragraph 73 of the Complaint, except that RCN lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning conduct by Plaintiff or Paxfire.

74. RCN denies each and every allegation in Paragraph 74 of the Complaint, except that RCN lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph concerning conduct by Plaintiff or Paxfire.

75. RCN denies each and every allegation in Paragraph 75 of the Complaint, except that RCN lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph concerning Paxfire.

76. RCN denies each and every allegation in Paragraph 76 of the Complaint, except that RCN lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph concerning Paxfire.

77. RCN denies each and every allegation in Paragraph 77 of the Complaint, except that RCN lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph concerning Paxfire.

78. RCN denies each and every allegation in Paragraph 78 of the Complaint, except that RCN lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph concerning Paxfire.

79. RCN repeats and realleges its responses to Paragraphs 1 through 78 of the Complaint as if fully set forth at length herein.

80. RCN denies each and every allegation in Paragraph 80 of the Complaint, except that RCN admits that its Customer Terms and Conditions includes a section titled "Customer Privacy Notice." RCN further asserts that for all times relevant to this case, RCN's Customer Privacy Notice has provided that "Non-Personally Identifiable Information and Aggregated Data collected via RCN's network … is used by RCN and third parties … for third party marketing and advertising purposes."

81. RCN denies each and every allegation in Paragraph 81 of the Complaint.

82. RCN lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82 of the Complaint.

83. RCN denies each and every allegation in Paragraph 83 of the Complaint.

84. RCN denies each and every allegation in Paragraph 84 of the Complaint.

85. RCN repeats and realleges its responses to Paragraphs 1 through 84 of the Complaint as if fully set forth at length herein.

86. RCN admits that the relationship between RCN and each RCN End User is governed by one or more written agreements (collectively, the "RCN End User Agreements"). The remainder of the allegations in Paragraph 86 of the Complaint comprise legal conclusions and require no response from RCN; to the extent that a response is required from RCN for any such allegation in this paragraph, RCN denies all such allegations.

87. The allegations in Paragraph 87 of the Complaint comprise legal conclusions and require no response from RCN; to the extent that a response is required from RCN for any allegation in this paragraph, RCN denies all such allegations.

88. RCN denies each and every allegation in Paragraph 88 of the Complaint, except to the extent such allegations comprise legal conclusions and require no response from RCN; to

the extent that a response is required from RCN in connection with any such allegation in this paragraph, RCN denies such allegations.

89. RCN denies each and every allegation in Paragraph 89 of the Complaint, except that RCN admits that Plaintiff and all other potential class members are deemed to have accepted the terms of the RCN End User Agreements upon subscribing to access to RCN's Internet network.

90. RCN denies each and every allegation in Paragraph 90 of the Complaint.

91. RCN denies each and every allegation in Paragraph 91 of the Complaint.

92. RCN denies each and every allegation in Paragraph 92 of the Complaint.

## II.   AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action therein, fails to state a claim upon which relief can be granted against RCN.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable terms and conditions of the RCN End User Agreements, including RCN's Customer Terms and Conditions, RCN's Acceptable Use Policy, and other applicable RCN Policies and Disclaimers.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff and some or all members of the purported class lack standing to assert some or all of their claims.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not maintainable as a class action, and Plaintiff is not an adequate, suitable or appropriate class representative.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from obtaining any relief against RCN in this action because RCN's conduct and actions were and are reasonable and lawful based on independent, legitimate business and economic justifications.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from obtaining any relief against RCN in this action in that, by agreement, conduct, representations and/or omissions, Plaintiff is estopped from asserting any claim for relief against RCN respecting the matters which are the subject of the Complaint and the causes of action contained therein.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from obtaining any relief against RCN in this action in that, by consent, agreement, conduct, representations and/or omissions, Plaintiff has waived, relinquished, or abandoned any claim for relief against RCN respecting the matters that are the subject of the Complaint and the causes of action contained therein.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from obtaining any relief against RCN in this action because all or some of her claims against RCN are barred by applicable statutes of limitation.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from obtaining any relief against RCN in this action by the doctrine of laches.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from obtaining any relief against RCN in this action by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against RCN are barred to the extent any award in connection with her claims would constitute unjust enrichment.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead her claims against RCN with particularity.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claimed damages against RCN are speculative, and thus are not recoverable.

### FOURTEENTH AFFIRMATIVE DEFENSE

RCN denies the validity, appropriateness or reasonableness of Plaintiff's prayer for relief.

### FIFTEENTH AFFIRMATIVE DEFENSE

RCN is not liable for any alleged violations of the Electronic Communications Privacy Act ("ECPA") in connection with its use of Paxfire Technology, as such use was in the ordinary course of RCN's business.

### SIXTEENTH AFFIRMATIVE DEFENSE

RCN is not liable for any alleged violations of the ECPA because it did not possess the intent requisite for purposes of violations of the ECPA.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for conversion, unjust enrichment, and any violation of the New York General Business Law are preempted by the ECPA, which sets forth the exclusive remedies available in connection with conduct covered by the ECPA.

### EIGHTEENTH AFFIRMATIVE DEFENSE

RCN is not liable in connection with any claim by Plaintiff based on alleged acts by Paxfire or ISPs other than RCN.

### NINETEENTH AFFIRMATIVE DEFENSE

RCN denies generally Plaintiff's allegations and denies that Plaintiff and purported class members, if any, are entitled to any relief on their claims.

**WHEREFORE, RCN respectfully prays that this Court issue an Order:**

(i) Dismissing Plaintiff's Complaint in its entirety with prejudice;

(ii) Denying certification of the purported class;

(iii) Awarding RCN attorneys' fees, costs and expenses from Plaintiff; and

(iv) Awarding RCN such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 6, 2011

**BINGHAM McCUTCHEN LLP**

By: /s/ Peter C. Neger
Peter C. Neger
Derek Care
399 Park Avenue
New York, NY 10022
Telephone: 212.705.7000
Facsimile: 212.752.5378
peter.neger@bingham.com

*Attorneys for Defendant RCN Telecom Services, LLC*