UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| BETSY FEIST, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RCN CORPORATION and PAXFIRE, INC.,<br><br>Defendants. | Case No. 11-cv-5436 (JGK)<br><br>JOINT 26(f) REPORT & DISCOVERY PLAN |

Plaintiff Betsy Feist, Defendant RCN Telecom Services, LLC[1] ("RCN"), and Defendant Paxfire, Inc. ("Paxfire") (collectively, the "Parties"), through their respective counsel, submit this Joint Report in accordance with the Fed. R. Civ. P. 26(f) conference held among the Parties on November 8, 2011.

I.  **Fed. R. Civ. P. 26(f)(3)(A): What Changes Should Be Made in the Timing, Form, or Requirement for Disclosures Under Fed. R. Civ. P. 26(a), Including a Statement as to When Disclosures Required Under Fed. R. Civ. P. 26(a)(1) Were or Will Be Made.**

The Parties agree that no changes should be made regarding the form or requirement for 26(a) disclosures and agree to exchange their 26(a)(1) disclosures by November 23, 2011.

II. **Fed. R. Civ. P. 26(f)(3)(B): The Subjects on Which Discovery May Be Needed, When Discovery Should Be Completed, And Whether Discovery Should Be Conducted In Phases Or Be Limited To Or Focused Upon Particular Issues.**

The Parties anticipate that discovery will be needed regarding all subjects of the operative complaint, affirmative defenses, and counterclaims at the time discovery is being conducted (i.e., the latest-filed complaint, affirmative defenses, and counterclaims, barring any claims or allegations that have been dismissed by Court order or stipulation), including:

---
[1] Named in the complaint as "RCN Corporation."

- Defendant Paxfire's technology, Defendant RCN's use of that technology, and the Defendants' profit from that technology, including, but not limited to: the Parties' relationships with advertisers, affiliate marketers, data aggregators, and trademark holders;

- Defendants' interception, monitoring, collection, compiling, sharing, and/or other use of Plaintiff's and class members' Internet searches, information derived from those searches, or other Internet use;

- Defendants' privacy policies, terms of service, marketing materials, and other public statements or statements made to customers;

- Plaintiff's typicality and adequacy as class representative;

- The numerosity, commonality, and superiority of Plaintiff's claims;

- Plaintiff's and class members' alleged injuries/damages;

- Communications and agreements between and among Plaintiff/Counterclaim Defendant Betsy Feist and her attorneys and agents, the Electronic Frontier Foundation, and the International Computer Science Institute;

- Communications between and among Plaintiff/Counterclaim Defendant Betsy Feist and her attorneys and agents, the Electronic Frontier Foundation, the International Computer Science Institute, and media outlets including the New Scientist prior to the filing of her Complaint;

- Plaintiff/Counterclaim Defendant Betsy Feist's knowledge concerning, and efforts to investigate and corroborate, her allegations at and prior to the filing of her Complaint; and

- Non-party discovery.

The Parties intend to submit a proposed scheduling order pursuant to Fed. R. Civ. P. 16, which will address when discovery should be completed, prior to the Case Management Conference (which has not yet been scheduled by the Court).

RCN and Paxfire reserve the right to seek pre-certification class discovery prior to merits discovery. Plaintiff believes it would be inefficient and inappropriate to bifurcate discovery or otherwise distinguish between class and merits discovery.

The Parties agree that expert discovery should occur after merits discovery has been completed.

III.   **Fed. R. Civ. P. 26(f)(3)(C): Any Issues Relating To Disclosure Or Discovery Of Electronically Stored Information, Including The Form Or Forms In Which It Should Be Produced.**

The Parties expect that some, if not all, discovery will be in electronic form. Accordingly, the party requesting the production of documents will, in accordance with Fed. R. Civ. P. 34, "specify a reasonable time, place, and manner for the inspection [of documents] and for performing the related acts" and "specify the form or forms in which electronically stored information is to be produced." The Parties reserve their rights to object to the form requested. In particular, Paxfire reserves the right to object and to make voluminous documents and electronic records available for Plaintiff's inspection at Paxfire's facilities in lieu of production by means of delivery; Plaintiff reserves the right to move to compel production of documents by delivery and/or in electronic form.

To the extent any issues regarding the format for electronic discovery arise, the Parties will confer in good faith and, if necessary, bring them to the attention of the Court.

IV.   **Fed. R. Civ. P. 26(f)(3)(D): Any Issues Relating To Claims Of Privilege Or Of Protection As Trial-Preparation Material, Including -- If The Parties Agree On A Procedure To Assert Such Claims After Production -- Whether To Ask The Court To Include Their Agreement In An Order.**

The Parties anticipate filing a Proposed Confidentiality Order with the Court to govern the procedure regarding confidentiality of documents and the procedure to assert claims of privilege after production. To the extent any issues not addressed by the Proposed Confidentiality Order arise, the Parties will confer in a good faith attempt to resolve such issues and, if necessary, bring them to the attention of the Court.

V.   **Fed. R. Civ. P. 26(f)(3)(E): What Changes Should Be Made In The Limitations On Discovery Imposed Under These Rules Or By Local Rule, And What Other Limitations Should Be Imposed.**

Other than as set forth above, the Parties do not anticipate any need for changes in the discovery limitations imposed under the Federal Rules of Civil Procedure or by Local Rule;

however, should a need arise in the future, the Parties have agreed to work together in good faith to avoid any disputes over discovery limitations and to promptly submit to the Court any such disputes that cannot be resolved among the Parties.

### VI. Fed. R. Civ. P. 26(f)(3)(F): Any Other Orders That Should Be Entered By The Court Under Rule 26(c) Or Under Rule 16(b) and (c).

The Parties anticipate submitting a proposed order governing the production of confidential information.

The Parties also anticipate submitting a proposed discovery scheduling order, under Rule 16, prior to the Case Management Conference which has not yet been scheduled by the Court.

Dated: November 18, 2011                    Respectfully Submitted,

| **MILBERG LLP** | **BINGHAM MCCUTCHEN LLP** |
|---|---|
| /s/ Peter E. Seidman | /s/ Peter C. Neger |
| Sanford P. Dumain | Peter C. Neger |
| Peter E. Seidman | Derek Care |
| Melissa Ryan Clark | 399 Park Avenue |
| Charles Slidders | New York, NY 10022 |
| One Pennsylvania Plaza, 49th Floor | Telephone: 212.705.7000 |
| New York, NY 10119 | Facsimile: 212.752.5378 |
| Telephone: (212) 594-5300 | peter.neger@bingham.com |
| Facsimile: (212) 868-1229 | derek.care@bingham.com |
| E-mail: sdumain@milberg.com | |
| pseidman@milberg.com | *Attorneys for Defendant RCN Telecom Services, LLC* |
| mclark@milberg.com | |
| cslidders@milberg.com | |

-and-

| **REESE RICHMAN LLP** | **ANDREW GROSSO & ASSOCIATES** |
|---|---|
| /s/ Michael E. Reese | /s/ Andrew Grosso |
| Michael E. Reese | Andrew Grosso |
| Kim Richman | Georgetown Place |
| 875 Avenue of the Americas, 18th Floor | 1101 Thirteenth Street, NW - Suite 300 |
| New York, NY 10001 | Washington, D.C. 20007 |
| Telephone: (212) 579-4625 | Telephone: (202) 298-6500 |
| Facsimile: (212) 253-4272 | Facsimile: (202) 298-5599 |
| E-mail:mreese@reeserichman.com | agrosso@acm.org |
| krichman@reeserichman.com | |
| | *Attorneys for Defendant Paxfire, Inc.* |
| *Attorneys for Plaintiff Betsy Feist* | |