UNITED STATES DISTRICT COURT
FOR THE FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BETSY FEIST, individually, and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RCN CORPORATION and PAXFIRE, INC., )<br>)<br>Defendants. ) | CASE NO. 1:11-CV-05436 (JGK) |

**DEFENDANT PAXFIRE, INC.'S, MOTION FOR LEAVE TO AMEND ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant and Counterclaim Plaintiff Paxfire, Inc. ("Paxfire"), by its undersigned attorney and pursuant to Fed. R. Civ. P. 15(a)(2), hereby moves this Honorable Court to grant it Leave to file its attached Amended Answer, Affirmative Defenses, and Counterclaims (Attachment). In support of this Motion the Paxfire submits the following:

**MEMORANDUM**

On August 4, 2011, Plaintiff and Counterclaim Defendant Betsy Feist ("Ms. Feist") filed her Complaint in this action, seeking certification as a class and making allegations against the Defendants Paxfire and RCN Corporation ("RCN") in connection with Internet services provided by the Defendants. On August 31, 2011, Paxfire filed its Answer, Affirmative Defenses, and Counterclaims.

Since filing its Answer, Affirmative Defenses, and Counterclaims, Paxfire conducted further investigation and has received additional information regarding Ms. Feist's pre-litigation activities. This additional information involves Ms. Feist acting in concert with third party entities to wrongly interfere in Paxfire's business relationships with its corporate customers and

1

to defame Paxfire, all for for the purpose of damaging and destroying Paxfire and its business model.  As evidence of this concerted activity is Exhibit A attached to the proposed Amended Complaint, Affirmative Defenses and Counterclaims.  This exhibit is an email message dated August 1, 2011, by the International Computer Science Institute to Ms. Feist's attorneys and to a media outlet, the New Scientist.[1]  The email corroborates Paxfire's allegations that, before she filed her lawsuit (and before any litigation privilege could be established), Ms. Feist made defamatory statements to the news media that damaged Paxfire's business, and served as the "legal front" in an effort by such third parties to destroy Paxfire's business model.

In light of new information, Paxfire wishes to amend its pleading in order to better focus its legal theories for Counterclaims One, Two, Six, and Seven; to withdraw Counterclaims Three, Four and Five; and to make some additional revisions.[2]

The authority to grant leave for a Motion to Amend is within the discretion of this Court. "The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Parties are generally allowed to amend their pleadings absent bad faith or prejudice."  *Commander Oil Corp. v. Barlo Equip. Corp.*, 215 F.3d 321, 333 (2d Cir. 2000), citing *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).  The United States Supreme Court has further stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

---

[1] Paxfire did not have this email at the time that it filed its Counterclaims, but based those claims on its own investigations.  Ms. Feist's attorneys recently provided this email, outside of discovery, to Paxfire.

[2] Paxfire has added Affirmative Defense No. 18, asserting "legal impossibility" as a defense to Count One of the Plaintiff's Complaint, which alleges a violation of the Electronic Communications Privacy Act.  Also, Paxfire has changed the dates and language in paragraph 10 of its Answer to more accurately describe the implementation of its Direct Navigation service.

party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (U.S. 1962).

The Plaintiff will not be unfairly prejudiced by the amendment.  This action is still early in its proceedings.  Other than Rule 26 initial disclosures, no discovery has yet begun, and no trial date has been set.  Adequate time still remains before trial for the Plaintiff to conduct discovery concerning any new issues arising from the Amended Answer.  A motion to dismiss the counterclaims, and an opposition thereto have been filed, but have not yet been ruled upon.

Pursuant to Fed. R. Civ. P. 15(a)(2), undersigned counsel sought the consent of Plaintiff-Counterclaim Defendant Feist to this motion.  Ms. Feist's counsel objects to this motion, asserting that the proposed amendments do nothing to "cure the deficiencies" in the Counterclaims.  Codefendant RCN has no objection to this motion.

## CONCLUSION

For the reasons set forth above, Paxfire requests that the Court grant this Motion for Leave to Amend the Answer, Affirmative Defenses, and Counterclaims of Defendant Paxfire, Inc., to Plaintiff's Class Action Complaint.  A proposed order is attached.

Respectfully submitted,

/s/ Andrew Grosso
Andrew Grosso
Attorney for Defendant Paxfire, Inc.
ANDREW GROSSO & ASSOCIATES
1101 Thirtieth Street, NW, Suite 300
Washington, D.C.  20007
(202) 298-6500 Tel.
(202) 298-5599 Fax

## CERTIFICATE OF SERVICE

      I hereby certify that on the 28th day of November 2011, I sent the foregoing by the Court's electronic notice system (PACER) to the following counsel of record:

Sanford P. Dumain
Peter E. Seidman
Melissa Ryan Clark
Charles Slidders
Milberg LLP
One Pennsylvania Plaza, 49th Floor
New York, NY 10119
*Attorneys for Plaintiff*

and by email and first class mail to the following:

Michael E. Reese
Kim Richman
Reese Richman LLP
875 Avenue of the Americas, 18th Floor
New York, NY 20001
*Attorneys for Plaintiff*

                                              /s/ Andrew Grosso
                                              Andrew Grosso

UNITED STATES DISTRICT COURT
FOR THE FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BETSY FEIST, individually, and on behalf of all others similarly situated,**       ) ) ) **Plaintiff,**       ) ) v.       ) ) **RCN CORPORATION and PAXFIRE, INC.,**       ) ) **Defendants.**       ) | CASE NO. 1:11-CV-05436 (JGK) |

**ORDER**

Upon consideration of Defendant and Counterclaim Plaintiff Paxfire, Inc.'s Motion for Leave to File Paxfire's Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Class Action Complaint, and any opposition, it is hereby:

**ORDERED** that Defendant Paxfire, Inc's Motion is **GRANTED,**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Paxfire's Amended Answer, Affirmative Defenses and Counterclaims in the Docket in this case.

_____
Date

_____
John G. Koeltl
United States District Judge

5