UNITED STATES DISTRICT COURT
FOR THE FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BETSY FEIST, individually, and on behalf of all others similarly situated,** ) ) ) | |
| **Plaintiff,** ) ) | **CASE NO. 1:11-CV-05436 (JGK)** |
| vs. ) ) | |
| **RCN CORPORATION and PAXFIRE, INC.** ) ) | |
| **Defendants.** ) | |

### DEFENDANT PAXFIRE, INC.'S, MOTION FOR LEAVE TO AMEND ITS THIRD AFFIRMATIVE DEFENSE AND TO FILE ITS SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS INCORPORATING SUCH AMENDMENT

Defendant Paxfire, Inc. ("Paxfire"), by its undersigned attorney and pursuant to Fed. R. Civ. P. 15(a)(2), hereby moves this Honorable Court to grant it Leave to Amend its Third Affirmative Defense, and to File its Second Amended Answer, Affirmative Defenses, and Counterclaims incorporating such amended Third Affirmative Defense (with no other changes). The proposed amended Third Affirmative Defense, in a redline version, is attached as Exhibit A.

In support of this Motion the Paxfire submits the following:

### MEMORANDUM

The current version of Paxfire's Third Affirmative Defense reads as follows:

Pursuant to 18 U.S.C. § 2510(5)(a)(ii), Defendant Paxfire is not liable for any alleged violations of the Electronic Communications Privacy Act because the use of Paxfire technology, and any use of that technology to process communications of Users, or to deliver or facilitate the delivery of web pages of trademark holders and of targeted advertising, was in the ordinary course of business of Defendant RCN and all other ISPs that used Paxfire technology.

1

Paxfire now seeks to amend this affirmative defense, as highlighted in bold, so that it will read as follows:

> Pursuant to 18 U.S.C. § 2510(5)(a)(ii), Defendant Paxfire is not liable for any alleged violations of the Electronic Communications Privacy Act because the use of Paxfire technology, and any use of that technology to process communications of Users, or to deliver or facilitate the delivery of web pages of trademark holders and of targeted advertising, was in the ordinary course of business **of Paxfire, and** of Defendant RCN and all other ISPs that used Paxfire technology.

By making such change, Paxfire will explicitly, as opposed to by implication, include its own ordinary course of business conduct as a provider of electronic communication services as part of its defense to Plaintiff's first count in her Complaint, which alleges that Paxfire and Codefendant the RCN Corporation unlawfully intercepted the electronic communications of Internet end users in violation of the Electronic Communications Privacy act, 18 U.S.C. § 2510 *et seq*.

Rule 8(c) of the Federal Rules of Civil Procedure requires that a party must affirmatively state any avoidance or affirmative defense. Rule 15(b) permits the amendment of a pleading to include issues not raised in the pleadings, when either tried by consent of the parties or after objection by one party upon introduction of evidence by an adverse party. "A party may move – at any time, even after judgment – to amend the pleadings to confirm them to the evidence and to raise unpleaded issues. But failure to amend does not affect the result of the trial of that issue." Fed. R. Civ. P. 15(b)(2).

The authority to grant leave for a Motion to Amend is within the discretion of this Court. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Parties are generally allowed to amend their pleadings absent bad faith or prejudice." *Commander Oil Corp. v. Barlo Equip. Corp.*, 215 F.3d 321, 333 (2d Cir. 2000), citing *State Teachers Retirement*

*Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).  The United States Supreme Court has further stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (U.S. 1962).

The Plaintiff will not be unfairly prejudiced by the amendment.  During depositions and other discovery in this matter, it has become apparent that Paxfire's course of conduct regarding its various services, in terms of both its business practices and its continuous updating of its technology, has been the detailed subject of Plaintiff Feist's inquiry.  These issues have been explored by the Plaintiff in the depositions of former Paxfire engineers Matt Kirn and Michael Sullivan; of Paxfire's current officers Douglas Armentrout (Chief Operating Officer) and Vivian Boswell (Vice President) – who testified as corporate representatives under Fed. R. Civ. P. 30(b)(6); of third party corporate representatives from ISPs Megapath and Frontier Communications; and of RCN engineers and managers.  Thus, there can be no claim of surprise on the part of Plaintiff Feist.  *Cf.*, *Howard v. Kerr Glass Mfg. Co.*, 699 F.2d 330, 333 (6th Cir. 1983) (holding that "[A]mendments to pleadings, particularly where there is no surprise to the adversary party, are viewed with liberality by the courts"). Furthermore, the depositions of Paxfire's president, Mark Lewyn, who was primarily responsible for the marketing of Paxfire's services, occurred on Wednesday, August 22nd, three days after Plaintiff's counsel was informed by Paxfire's counsel about the proposed amendment; and Paxfire's former Chief Executive Officer, Alan Sullivan who was primarily responsible for Paxfire's technology, has yet to take

3

place, leaving adequate opportunity for Plaintiff to explore this adjustment of this affirmative defense with those persons who ran and controlled Paxfire during the time period in question.

### CERTIFICATION OF CONFERING WITH OTHER COUNSEL

Counsel for Paxfire has sought the consent to this motion of counsel to all other parties in this case.  Counsel for RCN has no objection.

Counsel for Plaintiff was notified about this proposed amendment by email on Sunday, August 19th; by email on August 21st; in person on August 22nd; and again through email August 23rd.  Plaintiff's counsel has responded, but to-date has failed to communicate a position on this motion.

### CONCLUSION

For the reasons set forth above, Paxfire requests that the Court grant this Motion for Leave to Amend the Answer, Affirmative Defenses, and Counterclaims of Defendant Paxfire, Inc., to Plaintiff's Class Action Complaint.  A proposed order is attached.

Respectfully submitted,

/s/ Andrew Grosso
Andrew Grosso
Attorney for Defendant Paxfire, Inc.
ANDREW GROSSO & ASSOCIATES
1101 Thirtieth Street, NW, Suite 300
Washington, D.C.  20007
(202) 298-6500 Tel.
(202) 298-5599 Fax

## CERTIFICATE OF SERVICE

  I hereby certify that on this 24th day of August, 2011, I sent the foregoing by electronic mail and by first class mail postage prepaid to the following counsel of record:

Sanford P. Dumain  
Peter E. Seidman  
Melissa Ryan Clark  
Charles Slidders  
Milberg LLP  
One Pennsylvania Plaza, 49th Floor  
New York, NY 10119  
*Attorneys for Plaintiff*

Michael E. Reese  
Kim Richman  
Reese Richman LLP  
875 Avenue of the Americas, 18th Floor  
New York, NY 20001  
*Attorneys for Plaintiff*

Peter Neger, Esq.  
Derek Care, Esq.  
Bingham McCrutchen LLP  
399 Park Avenue  
New York, NY 10022  
Attorneys for Defendant RCN Corp.

               /s/ Andrew Grosso  
               Andrew Grosso

UNITED STATES DISTRICT COURT
FOR THE FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BETSY FEIST, individually, and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>) vs. )<br>) RCN CORPORATION and PAXFIRE, INC. )<br>) Defendants. ) | CASE NO. 1:11-CV-05436 (JGK) |

### ORDER

Upon consideration of Defendant Paxfire, Inc.'s Motion for Leave to Amend the Third Affirmative Defense of Paxfire's First Amended Answer, Affirmative Defenses, and Counterclaims, and any opposition, it is hereby:

**ORDERED** that Defendant Paxfire, Inc's Motion is **GRANTED** and Paxfire may file its Second Amended Answer, Affirmative Defenses, and Counterclaims with such amended Third Affirmative Defense.

_____  _____
Date                                             John G. Koeltl
                                                      United States District Judge

# EXHIBIT A

**Third Affirmative Defense**
(Ordinary Course of Business: ECPA)

Pursuant to 18 U.S.C. § 2510(5)(a)(ii), Defendant Paxfire is not liable for any alleged violations of the Electronic Communications Privacy Act because the use of Paxfire technology, and any use of that technology to process communications of Users, or to deliver or facilitate the delivery of web pages of trademark holders and of targeted advertising, was in the ordinary course of business of Paxfire, and of Defendant RCN and all other ISPs that used Paxfire technology.