UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BETSY FEIST,

               Plaintiff,

           - against -

PAXFIRE, INC., et al.,

              Defendants.

**MEMORANDUM OPINION & ORDER**

11-CV-5436 (LGS)(RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

    The Court held a conference on March 9, 2015, during which it directed the Parties to meet and confer to address outstanding discovery issues. The Parties submitted a joint status report on March 11, 2015, informing the Court of the results of this meeting. (Doc. No. 126) After reviewing the issues raised for the Court's resolution, the Court ordered, *inter alia*, that: 1) the Parties finalize a stipulation that Feist's document production was complete; and 2) Paxfire's request to depose Feist's counsel, Kim Richman, was denied. (Doc. No. 127) The Parties were not able to reach an agreement on the Feist stipulation and Paxfire subsequently filed a Motion to Compel Production of Documents. (Doc. No. 139) The Court held a telephone conference with the Parties on April 29, 2015, and gave Paxfire leave to file a motion for reconsideration of the Court's prior order denying Paxfire's request to depose Richman; Paxfire filed its motion on May 6, 2015. (Doc. No. 141) Both of Paxfire's motions are now fully briefed. For the following reasons, the Court **GRANTS IN PART** Paxfire's Motion for Reconsideration and **DENIES** Paxfire's Motion to Compel.

    In the March 11 status letter, Paxfire asserted that it needed to depose Feist's counsel because it was unable to obtain documents "pertaining to communications with EFF, ICSI, and

the researchers" which were relevant to Paxfire's defenses and its defamation counterclaim. (Doc. No. 126 at 4.) The Court previously ruled on March 9, 2015, that documents or communications between Feist's counsel and EFF or ICSI before Feist was the named plaintiff were irrelevant to the claims and defenses in this suit and, furthermore, that Paxfire had not provided a basis for discovery into its allegations of conspiracy against Feist. Because Paxfire appeared to be explicitly seeking the same information for the same purposes through deposing Feist's counsel, the Court denied Paxfire's request to depose Kim Richman.

In its Motion for Reconsideration, Paxfire argues that it needs to depose Feist's counsel in order to rebut her Fourth Affirmative Defense, which reads:

> Counterclaim Defendant is not liable for any of the alleged statements or harm allegedly caused by those statements because the substance of the alleged statements were the product of a good faith diligent investigation by Counterclaim Defendant attorneys in the course of investigation Counterclaim Defendant's claims.

Paxfire asserts that if Feist intends to shield herself from liability on the basis of her attorneys' good faith investigations and their communication of factual matters about Paxfire's conduct to her, Paxfire is entitled to find out through discovery what information was conveyed.

The Court agrees. An attorney who is acting as a fact gatherer is not an attorney for the purposes of the attorney-client privilege. A party cannot transform conversations into privileged communications simply by having an attorney convey the information. Paxfire may conduct a limited deposition of Richman addressing the factual matters that Richman discovered in his investigation of Paxfire and conveyed to Feist. This information is relevant to Feist's Fourth Affirmative Defense which asserts that Feist is shielded from liability due to her reliance on her counsel's good faith investigation.

Except for Paxfire's skepticism, there is no basis to question Feist's assertion that she has

produced all relevant, non-privileged documents in her possession. However, to the extent that Feist has withheld relevant documents on the basis of the attorney-client privilege or the work product doctrine, the Court directs Feist to produce to Paxfire a privilege log including these materials by **July 3, 2015**.

**IT IS THEREFORE ORDERED** that Paxfire's Motion for Reconsideration Concerning the Deposition of Kim Richman is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Paxfire's Motion to Compel Production of Documents is **DENIED**.

**SO ORDERED this 26th day of June 2015.**
**New York, New York**

_____
The Honorable Ronald L. Ellis
United States Magistrate Judge