USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/26/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BETSY FEIST,

                       Plaintiff,

             - against –

PAXFIRE, INC.,

                       Defendant.

MEMORANDUM
OPINION AND ORDER

11-CV-5436 (LGS)(RLE)

RONALD L. ELLIS, U.S.M.J.:

## I. BACKGROUND

Plaintiff Betsy Feist ("Feist") commenced this action against Defendant Paxfire, Inc. ("Paxfire") on August 4, 2011. (Doc. No. 1.) The Honorable Lorna G. Schofield referred the case to the undersigned for general pretrial on May 9, 2014. (Doc. No. 98.) On September 28, 2015, the Parties appeared before the Court because of discovery disputes. The Court ordered the Parties to submit declarations outlining the disputes. Feist and Paxfire submitted letters on October 9, 2015, and October 16, 2015, respectively. (Doc. Nos. 160 and 161.)

Feist asks the Court to award her costs and expenses related to Paxfire's production. (Doc. 161 at 4.) Feist claims that Paxfire ignored Feist's request for emails to be produced in TIFF format and, alternatively, that Paxfire did not properly object to the requested form pursuant to the Parties' 26(f) Report, and Federal Rule of Civil Procedure 34. (*Id.* at 5.) Feist also takes issue with Paxfire's "failure to use a vendor" for its overall document collection, which resulted in duplication and discovery delays. (*Id.*) Paxfire counters that it produced

emails in the native format used by Paxfire, which was the .msg form, and was consistent with Feist's request. (Doc. No. 160 at 1.) Paxfire also argues that it purchased specialized software from, and consulted with, a vendor. (*Id.*)

Feist further alleges that Paxfire intentionally overburdened Plaintiff's counsel with duplicative document production. (*See generally* Doc. 161.) Paxfire maintains that it made two significant document productions in 2012, which were placed on Dropbox per an agreement by both Parties. (Doc. No. 160 at 3.) However, Paxfire reloaded the 2012 productions in April 2015, because Feist deleted "substantial numbers of files" from Dropbox on two occasions. (Doc. No. 160 at 3.) As a result, Paxfire also gave Feist a hard drive of the documents. (*Id.*) Melissa Clark ("Clark"), counsel for Feist, contends that she did not make "multiple deletions," and that Paxfire had "failed to appropriately set its Dropbox permissions," which allowed her to delete the files. (Clark Declarations ("Decl.") at ¶ 45.)

Feist additionally seeks reimbursement of costs because Paxfire caused Plaintiff's counsel to make unsuccessful trips to Virginia to collect Paxfire documents. (*See generally* Doc. 161.) Paxfire argues that it should not be compelled to reimburse Feist for the trips to Virginia because Feist incorrectly mirror-imaged Paxfire's entire hard drive, instead of copying relevant information. (*Id.* at 5.) On the other hand, Feist points out, and Paxfire acknowledges, that during one Virginia trip, Paxfire intended to segregate out irrelevant material, and failed to do so. (Doc. No. 160 at 5; Doc. No. 161 at 2-3.)

## II.   ANALYSIS

Having met with the Parties and reviewed their submissions, the Court finds that Feist has made no showing of significant discovery abuses by Paxfire, and has not demonstrated that

Paxfire engaged in intentionally burdensome production. Furthermore, Feist has not provided the Court with compelling evidence of an amount sought, or expended.

The Court finds that Feist's argument regarding the format of email production is meritless. Feist claims that Paxfire did not properly object to the TIFF format. However, in an email dated March 9, 2015, it is clear that the Parties did engage in ongoing discussions about the form in which emails should be produced. (Doc. No. 161 at Ex. G.) Following communications with Paxfire, Feist was to speak with the Litigation Support Department about "production of documents in .pst form." (*Id.*) This suggests that Paxfire did object by offering to produce documents in a form other than TIFF. To the extent that documents were produced in .msg form, as opposed to .pst form, the Court finds credible Paxfire's assertion that the two formats are easily convertible from one form to the other, and that .msg format contains more metadata than TIFF format. (Doc. 160; Doc. No. 151 at ¶ 7.) There has been no evidence to establish that .msg form imposed considerable costs on Feist's part.

Although Paxfire did not use a vendor in a way expected by Feist, the Court considers the manner in which Paxfire did use a vendor to be a non-issue. More noteworthy is Feist's deletions of the Dropbox folder containing Paxfire's 2012 document production. (Clark Decl. at ¶ 45.) These deletions caused Paxfire to reproduce everything it originally produced in 2012, in addition to new material Paxfire believed was relevant to the 2015 production, because Feist stated that Paxfire had failed to produce certain documents. (Armentrout Decl. at ¶¶5-7.) To the extent that Paxfire duplicated documents from 2012, the Court holds Feist responsible for such duplication. Feist stated that Paxfire ignored Feist's suggestion that Paxfire restore the deleted Dropbox files, and instead offered to send Feist a hard drive. (Clark Decl. at ¶ 45.) On the

contrary, in an email to Paxfire's counsel dated April 14, 2015, Clark stated that *Plaintiff's counsel* was attempting to restore files unsuccessfully, and that she understood "you are sending us a hard drive with the materials, so we don't need to worry about drop box [sic]…" (Doc. No. 160 at Ex. 3.)

The costs related to Feist's trips to Virginia were already addressed by the Court at the September 2012 status conference. Sanctions against Paxfire are not warranted. On balance, both Parties have caused unnecessary delay in discovery and have exhibited a lack of communication regarding document production.

**IT IS HEREBY ORDERED** that Feist's request for reimbursement of costs and expenses related to document production be **DENIED**. The Parties shall bear their respective costs.

SO ORDERED this 26th day of October, 2015
New York, New York

The Honorable Ronald L. Ellis
United States Magistrate Judge